REGAN, Judge.
Plaintiff, William J. Fitzsimmons, owner and operator of a Chevrolet station wagon, instituted this suit against the defendant, American Automobile Insurance Company of New Jersey, the collision insurer of Thomas F. Crais’ De Soto automobile, endeavoring to recover $4,289.49 for personal injuries, medical expenses and property damage incurred by his vehicle, as a result of a collision between the two vehicles on January 6, 1959, at 7:30 a. m. in the intersection of Rapides Street and Cameron Boulevard in the City of New Orleans, which plaintiff asserts was caused by the sole negligence of Thomas F. Crais, Jr., the operator of the De Soto automobile.
Defendant answered and denied the negligence of the insured’s son, insisting that plaintiff’s negligence was the sole cause of the accident and in the alternative, pleaded the contributory negligence of the plaintiff.
From a judgment in favor of plaintiff for the sum of $2,289.49, defendant prosecutes this appeal.
The record reveals Rapides Street[1] is a two-way street which services traffic moving in either an uptown or a downtown direction. Cameron Boulevard[2], which intersects and crosses Rapides Street, is composed of two roadways divided by a neutral ground and services traffic moving from the Mississippi River toward the lake and vice versa. A “slow” sign was erected in the lake side neutral ground and regulated Cameron Boulevard[3] traffic before it entered Rapides Street.
There is no dispute as to the cost of repairs to plaintiff’s vehicle, his medical expenses and the right clavicle injury incurred by virtue of the accident since these facts were stipulated.
*90 Defendant’s counsel, during oral argument before this court, conceded the negligence of Crais, Jr., the operator of the insured’s vehicle; therefore, we relate his version of the manner in which the accident occurred both to preserve the chronology of the case and to disclose, if such existed, the contributory negligence of the plaintiff, the defense which the insuror now relies upon to defeat recovery herein.
Plaintiff related he was proceeding in an uptown direction in Rapides Street at a speed of 20 or 25 miles per hour and that he noticed the Crais vehicle when it was about two-thirds of a block removed from him in Cameron Boulevard, moving toward the River at a rate of speed which he could not estimate. He started across the intersection, relying upon Crais to slow down in obedience to the traffic sign, the existence of which he was fully aware. When the rear of his car reached approximately the center of the river-bound roadway of Cameron Boulevard, the collision occurred which caused him to be thrown from his vehicle and into the street.
Crais, 15 years of age, was en route to school, accompanied by two schoolmates, Augusto Zimmerman and Andrea Martinez, Jr., who were also 15 years of age. He related he was driving in the left or the lane nearest the neutral ground of Cameron Boulevard at a speed of about 30 or 35 miles per hour toward the River; that he knew prior to the accident that the “slow” sign was there and he also noticed it when he was about a half block removed therefrom ; as he approached the intersection, he did not reduce his speed by applying his brakes, and explained: “It doesn’t say to apply your brakes. It says slow down, and I did slow down. I took my foot off of the accelerator.”
He saw the plaintiff for the first time when he was about ten feet from the intersection. He then endeavored to apply his brakes when plaintiff was directly in front of him, which, of course, was when the collision was inevitable. The front of Crais’ vehicle struck the rear of plaintiff’s automobile. Crais testified the plaintiff was “coming pretty fast” and estimated his speed at 30 or 35 miles .per hour. Crais’ testimony was in substance corroborated by his two schoolmates, who it will be recalled were his passengers.
Patrolman Thomas Jackson, appeared as a witness on behalf of the defendant; he testified that he investigated the accident and caused a report to be made thereof. In the report, the policeman indicated plaintiff was slightly exceeding the speed limit and had failed to yield the right of way.[4] He testified Crais had admitted driving at a speed of 35 miles per hour, that he did not obey the “slow” traffic sign and made no effort to avoid the accident since the street did not reveal an impression of skid marks caused by his vehicle.
The foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously concluded that the plaintiff’s slight excess speed was not related to the cause of the accident and that he was justified in relying upon and in believing, almost to the moment of the accident, that Crais would obey the “slow” sign, the existence of which plaintiff was fully aware, and consequently, he was free of fault and therefore, the proximate cause of the collision was the negligence of young Crais in driving into the intersection at a speed of 35 miles per hour in complete disregard of the admonition of the traffic sign, the exist-encfe of which he was also fully aware.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
*91 We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ versions of the manner in which the accident occurred. The trial judge accepted the plaintiff’s version thereof and our analysis of the record convinces us that the evidence preponderates in his favor and the judgment is, therefore, correct.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Twenty miles per hour is the speed limit on this street.

. Thirty-five miles per hour is the speed limit on this street.

.It would, therefore, appear this was the less favored street since its traffic was controlled by a slow sign.

. We are unable to rationalize the latter portion of this statement with the facts. It would appear therefrom that Oráis and not plaintiff was required to slow down before entering the intersection.